# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
KEVIN D. HOLTMAN, BAR NO. 11603.

No. 83770

**FILED**

JAN 28 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that Kevin D. Holtman be suspended for two years and one day based on violations of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 3.2 (expediting litigation), and RPC 8.1 (disciplinary matters). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Holtman committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the facts and charges alleged in the complaint are deemed admitted because Holtman failed to answer the complaint and a default was entered.[1] SCR 105(2). The record therefore establishes that Holtman violated the above-referenced rules by failing to diligently investigate claims and litigate on behalf of two clients, by failing to communicate with those clients, and by failing to respond to the State Bar's inquiries.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we "must . . . exercise independent judgment," the panel's recommendation is

---

[1]The complaints and the notice of intent to take a default were served on Holtman via mail at his SCR 79 address and another address and via email at his SCR 79 email address and an alternate email address. Holtman never responded to the Bar's letters.

22-02901

persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Holtman violated duties owed to his clients and the profession. Holtman's mental state appears to have been intentional or knowing. His misconduct harmed his clients by causing their cases to be delayed and failing to properly investigate their claims. Holtman's failure to cooperate with the disciplinary investigation harmed the integrity of the profession, which depends on a self-regulating disciplinary system.

The baseline sanction for Holtman's misconduct, before considering aggravating and mitigating circumstances, is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 & Standard 7.2 (Am. Bar Ass'n 2017) (recommending suspension when "a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client" and when "a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system"). The panel found and the record supports five aggravating circumstances (pattern of misconduct, multiple offenses, bad faith obstruction by intentionally failing to comply with rules or orders, vulnerability of the victim, and substantial experience in the practice of law). As we recently suspended Holtman for three years *In re Discipline of Holtman*, No. 82993, 2021 WL 4399344 (Nev. Sept. 24, 2021) (Order of Suspension), the mitigating circumstance of absence of prior discipline does not apply. Considering all the factors and that the hearing

panel recommends Holtman pass the Nevada Bar Examination and the Multi-State Professional Responsibility Examination before applying for reinstatement, the recommended two-year-and-one-day suspension is sufficient to serve the purpose of attorney discipline. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (observing the purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney).

Accordingly, we hereby suspend attorney Kevin D. Holtman from the practice of law in Nevada for a period of two years and one day commencing from the date of this order. Before applying for reinstatement, Holtman shall take and pass the Nevada Bar Examination and the Multi-State Professional Responsibility Examination. Further, Holtman shall pay the costs of the disciplinary proceedings, including $2,500 under SCR 120(3), within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

SILVER, J., concurring in part and dissenting in part:

I concur in the decision to suspend Holtman and with the length of the suspension. But I would impose this suspension consecutive to the three-year suspension that Holtman began serving on September 24, 2021. *In re Discipline of Holtman*, No. 82993, 2021 WL 4399344 (Nev. Sept. 24, 2021) (Order of Suspension) (suspending Holtman for three years for failing to pursue litigation on behalf of a client, failing to communicate with clients, making misrepresentation to clients, and failing to participate in the disciplinary proceedings). I therefore dissent with respect to when the suspension in this matter commences.

_____, J.
Silver

cc:    Chair, Southern Nevada Disciplinary Board
Kevin D. Holtman
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court